IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Terron Gerhard Dizzley, | ) | Case No.: 8:20-cv-03613-JD-JDA |
| Plaintiff, | ) | |
| vs. | ) | **OPINION & ORDER** |
| Gwendolyn G. Chiles, | ) | |
| Defendant. | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Jacquelyn D. Austin ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Terron Gerhard Dizzley ("Dizzley" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, seeks damages based on alleged civil rights violations pursuant to 42 U.S.C. § 1983.

Plaintiff filed a Complaint against Defendant Gwendolyn G. Chiles ("Chiles" or "Defendant"), Clerk of Court of McCormick County, on October 15, 2020, alleging that Chiles failed to notify Dizzley of the dismissal of a State court action, which deprived him of the opportunity to appeal. (DE 1.) A Report and Recommendation was issued on October 30, 2020, recommending that this action be dismissed without issuance and service of process pursuant to 28 U.S.C. § 1915A because Dizzley's claims are frivolous as Chiles, the McCormick County Clerk of Court, is entitled to quasi-judicial immunity. See Jarvis v. Chasanow, 448 F. App'x 406 (4th

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Cir. 2011). (DE 9.) For the following reasons, the Court adopts the Report and Recommendation as modified herein.

Dizzley filed objections to the Report and Recommendation; however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that many of Dizzley's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments.[2] However, the Court has identified the following specific objections, which will be addressed herein.

Dizzley first objects to the Report's conclusion that Defendant Chiles "is entitle to absolute quasi-judicial immunity for her wrongful unconsistution (sic) acts pursuant of intentionally failing to provide Plaintiff with notice that his complaint was dismissed pursuant to case number 2018-cp-350-0058." (DE 11.) Dizzley cites to McCray v. Maryland, 456 F.2d 1, 5 (4th Cir. 1972)

---

[2] Dizzley first objects to his cases being assigned to Judge Austin while he has an outstanding motion for Judge Austin to recuse herself from his cases. The Court deems this objection as non-specific since it does not go to the heart of the parties' dispute herein. The Court also notes that there is no motion for recusal pending in this action.

purportedly finding, "clerk not entitled to judicial immunity for failure to file paper because the act carried 'no discretion' and was 'as ministerial and inflexibly mandatory as any of the clerk's responsibility's (sic).'"  (DE 11.)  However, the Court finds that McCray is no longer applicable in cases alleging negligent conduct by a Clerk of Court.  See Pink v. Lester, 42 F.3d 73, 77 (4th Cir. 1995), Green v. Hyatt, 2010 WL 597203, *1 (D.S.C. 2010).  Therefore, this objection is without merit.  Moreover, given the Fourth Circuit in Pink's conclusion that the Supreme Court in Daniels removed negligent denials of access from the reach of § 1983, Plaintiff's § 1983 claim against Chiles lacks merit because it fails to state a claim on which relief may be granted, rather than whether Chiles was entitled to judicial immunity as recommended in the Report.  See Pink v. Lester, at 77; see also Daniels v. Williams, 474 U.S. 327, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986); see also 28 U.S.C. § 1915(e)(2)(B) (Authorizing the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief.")  Accordingly, the Report is modified as provided herein, and the objection is overruled.

Secondly, Dizzley objects to the Report's recommendation that this action be deemed a "strike" under the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e ("PLRA").[3]  Dizzley

---

[3]  The PLRA limits the ability of prisoners to file civil actions without prepayment of filing fees. McLean v. United States, 566 F.3d 391, 393 (4th Cir. 2009). Specifically, the PLRA contains a "three strikes" rule, codified at 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The PLRA's three strikes rule was enacted to bar prisoners who have filed prior frivolous litigation in a federal court from pursuing certain types of federal civil litigation without prepayment of the filing fee. McLean, 566 F.3d at 393–94 (citing 28 U.S.C. § 1915(g)).

contends that three of his pending actions were not filed frivolously. (DE 11, p.3.) However, the Report identifies at least twelve cases Dizzley has filed in Federal Court at case numbers 8:20-cv-3590, 2:20-cv-2613, 2:20-cv-0991, 8:20-cv-0126, 8:19-cv-2665, 8:19-cv-1584, 2:19-cv-0530, 2:19-cv-0181, 8:18-cv-2053, 2:18-cv-1951, 8:18-cv-1692, and 8:17-cv-0213. More importantly, several of Dizzley's prior cases involved frivolous claims similar to the one he asserts in this action. Significantly, in case number 2:20-cv-0991 Plaintiff sued numerous defendants that were entitled to immunity for the same reasons Defendant is entitled to immunity in this case. See Dizzley v. Hixson, No. 2:20-cv-991-SAL-JDA (D.S.C. Mar. 9, 2020), Doc. 1. That case was dismissed on April 16, 2020, pursuant to 28 U.S.C. § 1915A, without leave to amend and without issuance of service of process. Id., Doc. 12. Accordingly, because the Complaint in the present action is subject to summary dismissal under § 1915(d), and because Plaintiff has filed similar frivolous actions that have been dismissed,[4] the Court finds that this case is deemed a strike for purposes of the PLRA's three strike rule. See Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1727 (2020); Jackson v. Hargadon, No. PJM-12-2622, 2012 WL 8466129, at *2 (D.Ed. Sept. 11, 2012) (deeming action a strike because it was dismissed as frivolous where plaintiff sued a judge who was entitled to judicial immunity), aff'd, 510 F. App'x 270 (4th Cir. 2013).

After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation as modified herein and incorporates it herein.

---

[4] Dizzley objects on the basis that this case adopted a Report and Recommendation without any objections because he should have been given additional time to object based on Chief Judge Harwell's Covid-19 order. The Court finds that this argument is futile given the outcome would have been the same even if Dizzley had filed timely objections based on the respective defendants' immunity defenses.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without issuance and service of process pursuant to 28 U.S.C. § 1915A. Further, this dismissal shall be counted as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
August 30, 2021

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.